**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re:  HILL'S PET NUTRITION, INC.<br>DOG FOOD PRODUCTS LIABILITY<br>LITIGATION | MDL No. 2887 |

**RESPONSE OF PLAINTIFFS MICHAEL RUSSELL, JODI RUSSELL
AND LISETTE KRA IN PARTIAL SUPPORT OF COORDINATED OR
CONSOLIDATED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407 AND
<u>IN SUPPORT OF TRANSFER TO THE EASTERN DISTRICT OF NEW YORK</u>**

Plaintiffs Michael and Jodi Russell, plaintiffs in the action styled *Russell et al. v. Hill's Pet Nutrition, Inc. and Colgate-Palmolive, Inc.*, No. 19-cv-00395, pending in the United States District Court for the Northern District of Florida, and Lisette Kra, plaintiff in the action style *Kra v. Hill's Pet Nutrition, Inc. and Colgate-Palmolive, Inc.*, No. 19-cv-1444 pending in the Eastern District of New York (collectively, "Plaintiffs"), pursuant to Rule 3.2(a)(iii), respectfully submit this Response in Support of coordination pursuant to 28 U.S.C. § 1407.

Plaintiffs Michael Russell, Jodi Russell and Lisette Kra all agree that all Related Actions should be transferred to a common jurisdiction, but they request that the Related Actions be consolidated and coordinated in the Eastern District of New York and specifically assigned to the Honorable LaShann DeArcy Hall.  As detailed below, compelling logistical and aspirational reasons justify transfer to the Eastern District of New York.  The Eastern District of New York, where two of the Related Actions are currently pending, presents the most convenient location, being near one of the Defendants' principal place of business, its  key decision makers, the lead defense counsel, and provides easy access to transportation and lodging.

In addition to the convenience of the parties and their counsel, assignment of this matter to the Honorable LaShann DeArcy Hall of the Eastern District of New York will promote inclusion and diversity in class action adjudication that has been at the forefront of discussions recently regarding MDLs.

**ARGUMENT**

This litigation consists of 14 class actions (the "Related Actions") against Hill's Pet Nutrition, Inc. ("Hill's") and its parent company Colgate-Palmolive, Inc. ("Colgate") (collectively "Defendants") regarding Hill's pet food ("Hill's Pet Food" or "Products"). The Related Actions have been filed in seven different district courts.

As other parties have argued, consolidation of the Related Actions is appropriate because they involve common questions of fact and common Defendants. Indeed, the Related Actions mostly arise out of the same factual events and allege virtually identical conduct. All actions are brought on behalf of purchasers of Hill's Pet Food, and all allege that Hill's, in violation of various statutory and common laws, sold pet food products that contained excessive amounts of vitamin D. The cases allege that pet consumption of the excessive amounts of vitamin D in the Products leads to serious health issues, including renal dysfunction and death. Each of the cases seeks damages and declaratory and injunctive relief of behalf of consumers who purchased the Products.

Transfer of the Related Actions to one forum is essential so that the Related Actions may be coordinated for pretrial proceedings. This is necessary to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judges in the seven federal judicial districts in which the Related Actions have been filed. Thus, transfer and coordination or consolidation will further the convenience of the parties and witnesses, and it will promote efficiency and judicial economy.

As stated above, 14 separate actions are pending in seven separate districts. Two of these actions are pending in the Eastern District of New York, which is only five miles from Defendant Colgate's principal place of business. Defendant Colgate is anticipated to be the

2

principal decision maker for the Defendants in this litigation, and its key decision makers are all located in New York City.  Accordingly, because a large number of Defendant Colgate's key personnel are likely located near the Eastern District of New York at Colgate's headquarters in New York City, transfer to the Eastern District of New York should occur.  *See* 28 U.S.C. § 1407(a) (transfers shall be made by the judicial panel based upon its determination that such transfers "will be for the convenience of parties and witnesses…"); *Walley v Tri-State Crematory Litig. (In re Tri-State Crematory Litig.)*, 206 F. Supp. 2d 1376 (J.P.M.L. 2002) (transferring to a particular district due to convenience to the parties); *In re Elec. Data Sys. Corp. Secs. & "ERISA" Litig.*, 254 F. Supp. 2d 1375 (J.P.M.L. 2003) (transferring to a particular jurisdiction on the basis that the defendant corporation had its headquarters within the district).  Indeed, this factor is underscored by the fact that Defendants' lead counsel also is based in New York, New York, and it is a short subway ride from defense counsel's offices to the courthouse in the Eastern District of New York.  *See* MDL ECF No. 13 (corporate disclosure statement listing 7 Times Square, New York, New York as address of defense counsel).

In addition to being located close to one of the Defendants' "nerve center," the Court in the Eastern District of New York is located near three major airports and several other major transportation hubs, making it convenient for all parties and counsel.  The other proposed venues either lack airports with frequent flights or appropriate hotel accommodation thus presenting a far less convenient option.

One needs look no farther than the complaint filed in the District of Kansas by Ana Alberto and other plaintiffs in the matter of *Alberto et al. v. Hill's Pet Nutrition, Inc.*, No. 19-cv-2135 (D. Kansas) to understand why the case should not be transferred to Kansas, but rather a more convenient forum, namely, the Eastern District of New York. Despite the fact that the

3

counsel in *Alberto* advocates for transfer to the District of Kansas, not a single plaintiff of the 250 plaintiffs named in the *Alberto* complaint reside in the state of Kansas. Rather, a number of them reside in New York. Certainly, for these plaintiffs in the *Alberto* complaint, the Eastern District of New York is much more convenient.

The same holds true for the other complaints filed in Kansas, in matters where the plaintiffs' attorneys advocate for transfer to Kansas. None of their clients resides in Kansas. Rather, they reside in Connecticut (plaintiff Joseph Brown); Ohio (plaintiffs David Johnson; Angeles Raines; and Kayla Vanwinsen); Los Angeles (Kristina Johnson); or New Jersey (Cliff Palifrone). Kansas is inconvenient for all these parties/witnesses.

The Northern District of California proposed by some of the other plaintiffs is equally inconvenient for other reasons. San Francisco hotels are the priciest in the world, and often are completely sold out during the many tech conventions that occur there. *See e.g. "San Francisco Hotels are the World's Priciest as Rates Surge"* available at https://www.bloomberg.com/news/articles/2015-06-30/san-francisco-hotels-are-world-s-priciest-as-rates-surge and *Salesforce Overbooks San Francisco With U.S. Second Largest Tech Event*, https://www.forbes.com/sites/jeanbaptiste/2016/10/04/salesforce-overbooks-san-francisco-with-u-s-second-largest-tech-event/#26ffaaad75f2 (**"San Francisco is overbooked!**... Everything (hotels, meeting rooms, caterers, etc.) is booked or even overbooked in San Francisco and surroundings…").

The Eastern District of New York, on the other hand, is conveniently located near several new hotels in Brooklyn, as well as numerous accommodations in Manhattan. The courthouse also is in the midst of a revitalized downtown Brooklyn, free of rampant drug use and crime.

In addition to its proximity to varied transportation and lodging, the Eastern District of New York operates in a manner that stands out among federal districts in that the magistrates play a very active role in all aspects of a case, and are not limited to discovery disputes.  Indeed, Eastern District of New York magistrates frequently render report and recommendations on motions to dismiss, motion for summary judgement, and motions for class certification.  *See e.g., Hercsky v. Evans et al.*, case no. 17-cv-4199 (JMA)(GRB), 2019 WL 1052197 (E.D.N.Y. February 5, 2019) (magistrate report and recommendation on motion to dismiss); *Hudecek v. Travelers Insurance Co.*, case no. 17-cv-7160 (JMA)(AYS), 2019 WL 456173 (E.D.N.Y. Feb. 5, 2019) (Article III adoption of magistrate report on motion for summary judgment); *Michalow v. East Coast Restoration & Consulting Corp.*, case no. 09-cv-5475 (SLT)(RML), 2012 WL 27282 (E.D.N.Y. Jan. 4, 2012) (Article III adoption of magistrate report and recommendation on motion for class certification).  Magistrate Judge Robert M. Levy, the magistrate judge assigned to the Related Actions pending in the Eastern District of New York, is highly experienced with class actions.  *See, e.g., Cazares v. AVA Restaurant Corp*., case no. 15-cv-0477 (KAM)(RML), 2017 WL 1229727 (E.D.N.Y. March 31, 2017).  Accordingly, assignment of this matter to the Eastern District of New York will be particularly effective given that the assigned judge can have the support of a substantively experienced magistrate judge.

Finally, another important factor that should be considered in multidistrict litigation is the promotion of diversity and inclusion.  This issue was discussed recently amongst a distinguished group of jurists and practitioners at a symposium on MDLs organized by Duke Law School:

> At the 2016 MDL conference…[s]everal practitioners and judges raised concerns about the small number of women and diverse lawyers appointed to leadership positions….A separate MDL conference was later held that specifically addressed the lack of diversity appointments.

*See Duke Law Guidelines and Best Practices Addressing Chronic Failure to Diversify Leadership Positions in the Practice of Law* available at https://judicialstudies.duke.edu/wp-content/uploads/2018/05/Panel-1-Preface-Duke-Law-Guidelines-and-Best-Practices-Addressing-Chronic-Failure-To-Diversify-Leadership-Positions-In-The-Practice-Of-Law-May-2018.docx.

There is no question that multidistrict class action litigation presents some of the most impactful private civil actions, and that these are important and prestigious assignments to district court judges:

> Because the lawsuits are among the most high-profile federal civil actions, their disposition influences the public's perception of the civil justice system and impacts the development of public policy in the related substantive and procedural areas of law. The handling and resolution of these disputes affect large numbers of individuals and alter the behavior of corporations, federal agencies, state governments, and law firms.

Tracey E. George & Margaret S. Williams, *Venue Shopping: The Judges Of The U.S. Judicial Panel On Multidistrict Litigation*, 97 Judicature, Jan-Feb 2014, at 197. Available online at https://ir.vanderbilt.edu/bitstream/handle/1803/6886/Venue%20Shopping%20the%20Judges%20of%20the%20US.pdf?sequence=1&isAllowed=y. As discussed in this article, women and people of color are underrepresented in both the MDL Panel and as transferee judges.

In fact, according to the most recent statistics from the JPML there are currently 206 pending MDLs, but only a handful are presided over by African-American jurists and/or women. *See* https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-February-15-2019.pdf. Specifically, only 17 currently pending MDLs are presided over by African-American jurists, or approximately 8%. *Id.* And of those 17 jurists, only two are African-American women, comprising less than 1% of jurists presiding over MDLs. *Id.*

Judge LaShann DeArcy Hall is a well-respected Article III judge in the Eastern District of New York and, according to the Federal Judicial Center, is one of the few African American woman judges on the federal bench.  *See Federal Judicial Center*, African-American Judges on the Federal Bench, available at https://www.fjc.gov/history/judges/search/african-american.  Assignment of this MDL to Judge Hall in the Eastern District of New York will promote the diversity of judges presiding over MDLs, an important and laudable goal.  *See also In re TD Bank, N.A., Debit Card Overdraft Fee Litig.*, 96 F. Supp. 3d 1378, 1379 (J.P.M.L. 2015) (selecting venue in part based on argument that "centralization in this district provides us the opportunity to assign the litigation to a capable jurist who has not presided over an MDL yet").

## **CONCLUSION**

The consolidation of these putative class actions would further "the convenience of parties and witnesses and [would] promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). For the considerations set forth above, Plaintiffs Michael Russell and Jodi Russell respectfully request that this Panel enter an order transferring the related actions for consolidation in the Eastern District of New York, specifically to the Honorable LaShann DeArcy Hall.

March 14, 2019

Respectfully submitted,

*/s/ Michael R. Reese*
Michael R. Reese
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272
*mreese@reesellp.com*

**LEVIN, PAPANTONIO, THOMAS,
MITCHELL, RAFFERTY & PROCTOR, P.A.**
Matthew D. Schultz
316 South Baylen Street, Suite 600
Pensacola, Florida 32502-5996
Telephone: (850) 435-7140
Facsimile: (850) 436-6140
*mschultz@levinlaw.com*

*Counsel for Plaintiffs Michael Russell, Jodi Russell and Lisette Kra*

## Certificate of Service

I, Michael R. Reese, hereby certify that on March 14, 2019, a copy of the above was filed electronically through the CM/ECF system, which provides all counsel of record with a copy.

*/s/ Michael R. Reese*
Michael R. Reese
